# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOTTIE POWELL ALFARO,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN INCOME LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO. 18cv2402-LAB (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [Dkt. 4]** |

Currently before the Court is Defendant American Income Life Insurance Company's ("AIL") motion to dismiss. For the reasons discussed below, that motion is **DENIED.**

On February 1, 2017, Sharif Grays, a licensed insurance agent associated with AIL, visited the home of Plaintiff Dottie Alfaro to solicit life insurance policies. Ms. Alfaro worked with Mr. Grays to apply for a life insurance policy on her daughter, Angelina Powell, a 35-year-old woman who suffered from blindness, hypopituitarism, seizures, and heart conditions. Mr. Grays represented to Ms. Alfaro that Ms. Powell's various health conditions would not affect her eligibility for life insurance and/or did not need to be included in the application. Mr. Grays also informed Ms. Alfaro that he was a long-time agent with AIL and that he was familiar with its underwriting guidelines. After completing the application on a laptop, Mr. Grays submitted it to AIL without first giving Ms. Alfaro or Ms. Powell a chance to review or sign it. Based on the application, AIL issued a $100,000 policy on Ms. Powell's life. Unbeknownst to Ms. Alfaro, the application failed to disclose any of Ms. Powell's

medical history. Ms. Powell died five months later, and AIL refused to honor the policy, citing misrepresentations and omissions in the policy application related to Ms. Powell's various health conditions. Ms. Alfaro explained to AIL that she had disclosed to Mr. Grays the various conditions and that he was the one who completed the application—any misrepresentations or omissions therefore came from Mr. Grays, not Ms. Alfaro or Ms. Powell. AIL stood by its decision to deny benefits, and this suit followed. Specifically, Ms. Alfaro asserts four causes of action against AIL: (1) fraud, (2) negligent misrepresentation, (3) breach of contract, and (4) bad faith.

AIL moves to dismiss Ms. Alfaro's claims for fraud and negligent misrepresentation, both of which relate to Mr. Grays' failure to include Ms. Powell's various health conditions in the application. AIL argues that Mr. Grays' decision to omit that information was itself an attempt to defraud AIL in order to secure commissions for himself on a policy he knew AIL would not otherwise issue. In AIL's view, since the primary victim of Mr. Grays' fraud was AIL, it cannot be held vicariously liable for Mr. Grays' actions vis-à-vis Ms. Alfaro. Ms. Alfaro counters that Mr. Grays was working within the scope of his agency relationship in attempting to sell life insurance and that any misrepresentations are actionable and may be imputed to his principal, AIL.

Under California law, an insurance company (not its agent) is solely responsible for misrepresentations made by the agent while soliciting business. In *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804 (N.D. Cal. 1998), the Plaintiff, Good, alleged that he met with a Prudential insurance agent to discuss the possibility of purchasing an additional policy with Prudential. The agent made numerous representations concerning the benefits of the particular policy at issue, and informed Good that he could obtain a $1,000,000 policy by paying an annual premium of $10,000 for three to six years. After that time, the agent explained, the premiums would "vanish." Of course, the premiums didn't vanish, so Good brought suit. The Court explained that even though it was the agent who made the fraudulent misrepresentations, it was the insurance company, not the agent, that was the proper defendant. Importantly, the court distinguished between cases outside the insurance

context—in which courts routinely hold that agents are liable for their own torts even when acting within the scope of their employment—and those within the insurance context, in which "[l]iability to the insured for acts . . . of an insurance agent within the scope of his agency, with a full disclosure of the principal, rests on the [insurance] company." *Good*, 5 F. Supp. 2d at 808 (citing *Lippert v. Bailey,* 241 Cal. App. 2d 376, 382 (1966)); *see also Douglas v. Fidelity Nat. Ins. Co.*, 229 Cal. App. 4th 392, 410-11 (2014) ("Because an agent represents the insurer, an agent's representations to an insured regarding coverage are treated as representations by the insurer.").

Likewise, in *Dias v. Nationwide Life Ins. Co.*, 700 F. Supp. 2d 1204 (E.D. Cal. 2010), Nationwide's agent, Pena, made misrepresentations to the plaintiffs related to the policy they were applying for, including that the plaintiffs would not be required to pay premiums after two years, but could invest more money in the policies as they desired. The Court concluded that Pena's misrepresentations could be imputed to Nationwide because the company placed him in a position to commit fraud on its behalf. *Id.* at 1222.

AIL does not dispute that Mr. Grays' actions may be imputed to it in certain circumstances. It instead argues that because Mr. Grays was acting solely for his own benefit in submitting a misleading policy application—and thereby securing for himself a commission he wouldn't otherwise receive—his actions cannot be imputed to AIL in this instance. AIL distinguishes *Good* and *Dias* by pointing out that the insurance company in each of those cases stood to *benefit* from its agent's misrepresentations, while in this case AIL stood only to lose money by issuing a life insurance policy on an individual with a host of undisclosed medical ailments. In other words, AIL suggests that Mr. Grays cannot be treated as an agent where his fraud was not intended to benefit the company, but to disadvantage it. That's a fair enough point, and it is consistent with the "adverse interest exception," which states that a "rogue agent's actions or knowledge are 'not imputed to the principal if the agent acts adversely to the principal in a transaction or matter, intending to act solely for the agent's own purposes or those of another person.'" *In re ChinaCast Educ. Corp. Sec. Litig.*, 809 F.3d 471, 476 (9th Cir. 2015) (citing Restatement (Third) of Agency §

5.04 (2006)). But it also ignores an exception to the exception: notice may still be imputed to the principal "when necessary to protect the rights of a third party who dealt with the principal in good faith." *Id.* at 476-77 ("In other words, there is an exception to the exception: the adverse interest rule collapses in the face of an innocent third party who relies on the agent's apparent authority.").[1] In light of this rule, which suggests that Ms. Alfaro should be treated as an "innocent third party who relie[d] on [Mr. Grays'] apparent authority," the Court cannot conclude that her claims for fraud and negligent misrepresentations against AIL fail as a matter of law. *Id.*

In any event, factual disputes preclude the Court from granting AIL's motion at this point. AIL's argument turns on whether it was the victim of Mr. Grays' fraud or stood to gain from it. On one hand, it's reasonable to assume that AIL did *not* stand to gain from issuing this particular policy and that it would not have done so had Mr. Grays provided accurate information. After all, from the insurer's perspective, an individual with a host of serious medical disorders is not the ideal candidate for a life insurance policy. On the other hand, as Ms. Alfaro argues, it is equally reasonable to assume that AIL explicitly or implicitly directed Mr. Grays to solicit policies like these—risky as they may be—in order to secure additional premiums. Because the Court is precluded at this stage from making these kinds of factual determinations, AIL's motion to dismiss is **DENIED**. Dkt. 4.

**IT IS SO ORDERED**.

Dated: March 8, 2019

*[signature]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] AIL suggests in reply that this rule may only apply to high-ranking officers of a corporation. The Court finds no support for such an argument.